IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. **PJM 99-346** |
| JONATHAN WILLIAMS | * |
| Defendant | * |

**MEMORANDUM OPINION**

Jonathan Williams, *pro se*, has filed a Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) and a Motion for Appointment of Counsel [Paper No. 65], seeking a reduction of his criminal sentence based on Amendment 750 to the Federal Sentencing Guidelines.

Williams was convicted of possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B), and sentenced to 262 months' imprisonment.

The Public Defender previously filed a "status report" [Paper No. 61] seeking a reduction of Williams's sentence under Amendment 706. It was denied because Williams had been sentenced as a career offender under U.S.S.G. §4B1.1, not under § 2D1.1(c). The denial was based on several Fourth Circuit cases, as well as cases from other circuits, that held that "career offenders do not get the benefit of the 'crack amendment.'" *See United States v. Williams*, Crim. No. PJM 99-346, 2010 WL 3246012, at *2 (D. Md. Aug. 17, 2010).

Like Amendment 706, Amendment 750 revised the offense levels applicable to certain cocaine base quantities under U.S.S.G. § 2D1.1(c). Williams's motion appears to be a form motion and does not acknowledge the earlier denial of his first motion or make any new arguments. Commentary to Amendment 750 clarifies that

> not all crack cocaine offenders . . .will receive a lower sentence as a result of the change to the Drug Quantity Table . . . [some] offenders are sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table.

U.S.S.G. App. C, Amend. 750 (2011); *see also United States v. Quarles*, 889 F.Supp.2d 783, 787 (E.D. Va. 2012) (noting that with Amendment 750 and 759, "the Sentencing Commission clarified that when a defendant is a career offender, the career offender range is the 'applicable guidelines range' for sentencing purposes.").

For the same reasons he was found ineligible for a reduction per Amendment 706, Williams is not eligible under Amendment 750. *See, e.g.*, *United States v. Oliea*, 506 F. App'x 523, 524 (7th Cir. 2013) (denying § 3582(c)(2) motion under Amendment 750 for the same reason it was denied under Amendment 706: because defendant had been sentenced as a career offender); *United States v. Reed*, 482 F. App'x 785 (4th Cir. 2012) (finding that Amendment 750 did not alter defendant's guideline calculation where his guidelines range at sentencing was calculated pursuant to the career offender guideline); *United States v. Webster*, Crim. No. PJM 04-269, 2010 WL 1780129 (D. Md. Apr. 30, 2010) (denying a motion under Amendment 750 because defendant was sentenced as a career offender, and advising that his argument that he was improperly sentenced as a career offender is better addressed by way of collateral challenge).

Williams's sentence was based on U.S.S.G. §4B1.1, which Amendment 750 makes clear it does not affect. Accordingly, the current Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) will be denied.

Williams's Motion for Appointment of Counsel is likewise denied. Defendants have no right to counsel on a motion for reduction of sentence, *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000), and, in any event, counsel could not have affected the Court's ruling. *See*

2

*Reed*, 482 F. App'x at 788 (finding the district court did not abuse its discretion in denying a request to appoint counsel where the Court "had previously denied [his] earlier § 3582(c)(2) motion based on Amendment 706 for substantially the same reason. Appointment of counsel would not have remedied the flaw underlying [his] motion.").

A separate Order will issue.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 18, 2014